UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE RAGLESS,                            Case No. 24-10050

    Plaintiff,                             F. Kay Behm
v.                                       United States District Judge

CHRISTOPHER JONES and MICHAEL
OLSAVER,

    Defendants.
_____ /

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING ALL OTHER MOTIONS AS MOOT (ECF Nos. 13, 16)**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Kyle Ragless, proceeding *pro se*, filed a complaint against Defendants Christopher Jones and Michael Olsaver ("Defendants") in the United States District Court for the Western District of Michigan on November 27, 2023. (ECF No. 1).  Plaintiff also filed an application to proceed without prepaying fees or costs ("IFP"), which was granted by Magistrate Judge Phillip J. Green on November 28, 2023.  (WDMI ECF Nos. 2, 4).  On November 29, 2023, District Judge Robert J. Jonker ordered Plaintiff to show cause why venue was proper in the Western District of Michigan.  (WDMI ECF No. 5).  Plaintiff failed to respond to the Order to Show Cause and, accordingly, the case was transferred to the United

States District Court for the Eastern District of Michigan on January 4, 2024. (WDMI ECF No. 6). Plaintiff's complaint is based on allegations that he was wrongfully arrested and imprisoned based on an improper probation violation. (ECF No. 1).

On April 12, 2024, this court issued an Order for Plaintiff to show cause why this court has subject matter jurisdiction over his case. (ECF No. 14). The Order specifically noted that Plaintiff's complaint failed to detail how his case brought claims "arising under the Constitution, laws, or treaties of the United States" and failed to establish complete diversity of citizenship among the parties. *Id.*, PageID.39. However, the Order gave Plaintiff "an opportunity to supplement or amend his complaint to clarify whether he is bringing a claim that arises under federal law," and required him to file a response within 14 days. *Id.*, PageID.40. Plaintiff did not file a response. Because Plaintiff has failed to demonstrate that this court has subject matter jurisdiction over his claims, this case must be **DISMISSED**.

## II.   ANALYSIS

Plaintiff filed his case in federal, not state, court. Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case." *Answers in Genesis of Kentucky, Inc. v.*

2

*Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  Federal courts generally may exercise jurisdiction over two types of cases: (1) those that "arise under federal law" ("federal question jurisdiction"), and (2) those in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties ("diversity jurisdiction").  28 U.S.C. §§ 1331, 1332(a).  Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

    A.    <u>Federal Question Jurisdiction</u>

Federal question jurisdiction allows federal courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A complaint must satisfy the "well-pleaded complaint rule," which requires a federal question to be "presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The entirety of Plaintiff's claim states: "I was wrongly put i[n] jail on a warrant and found out i was not guilty and i feel that due to going to court for this i have ground [sic] for a lawsuit."  (ECF No. 1, PageID.4).  When asked to list "the specific federal statues, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Defendant answered "none."  *Id.*,

3

PageID.3. Without any further information, Plaintiff's complaint fails to present a federal question "on the face of the [his] properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. As such, the court cannot exercise subject matter jurisdiction over this case based the existence of claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

    B.    <u>Diversity Jurisdiction</u>

Diversity jurisdiction requires a plaintiff to show that "the amount in controversy exceeds $75,000, and that diversity of citizenship exists." 28 U.S.C. § 1332. Diversity of citizenship requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). As stated in the court's Order, all of the parties in this case, including both Defendants, reside in the state of Michigan. (ECF No. 14, PageID.39). Plaintiff has provided no additional information to refute this finding and, as such, the court cannot exercise subject matter jurisdiction over this case based on the diversity of the parties. 28 U.S.C. § 1332.

**III.    CONCLUSION**

For the reasons stated above, Plaintiff's complaint does not establish the existence of either federal question jurisdiction or diversity jurisdiction. As such,

4

the court lacks subject matter jurisdiction over Plaintiff's claims and this action is

**DISMISSED** without prejudice.  Fed. R. Civ. P. 12(h)(3).  All other currently pending

motions (ECF Nos. 13, 16) are **DENIED AS MOOT,** as this is a final order and closes

this case.

    **SO ORDERED**.

Date: May 7, 2024                                              s/F. Kay Behm
                                                                         F. Kay Behm
                                                                          United States District Judge